UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
ZURU, INC.,                                                   :
                             Plaintiff,    :
                                                              :       23 Civ. 3146 (LGS)
         -against-                                          :
                                                              :       <u>ORDER</u>
THE INDIVIDUALS, PARTNERSHIPS AND                             :
UNINCORPORATED ASSOCIATIONS                                   :
IDENTIFIED IN SCHEDULE A,                                     :
                            Defendants.   :
                                                              :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

       WHEREAS, on April 14, 2023, Plaintiff Zuru, Inc., initiated this action against 117 Defendants, alleging Defendants are infringing Plaintiff's trademark for water balloons. On April 26, 2023, Plaintiff filed a motion for an *ex parte* temporary restraining order (the "TRO"), a motion to temporarily seal Schedule A of the Complaint, which lists the Defendants in this case, and a motion for alternative service under Federal Rule of Civil Procedure 4(f)(3).

       WHEREAS, Plaintiff's motion for a TRO is granted in a separate order.

       WHEREAS, Plaintiff alleges that good cause exists to seal the list of Defendants in this case, because Defendants may hide or transfer their allegedly-infringing products and related funds and records beyond the jurisdiction of this Court. Plaintiff's allegations, if true, provide good cause to temporarily seal the identities of the Defendants in this case. The time period in which the documents will be sealed is limited, satisfying the requirement that any sealing order be "narrowly tailored." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

       WHEREAS, Federal Rule of Civil Procedure 4(f) provides three methods of service of an individual in a foreign country: "(1) by any internationally agreed means of service that is reasonably

calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice . . . [;] or (3) by other means not prohibited by international agreement, as the court orders."  Plaintiff moves for service via email and website posting, pursuant to Rule 4(f)(3).  "The decision whether to allow alternative methods of serving process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Vega v. Hastens Beds, Inc.*, 342 F.R.D. 61, 64 (S.D.N.Y. 2022).

WHEREAS, for Plaintiff's relief to be permissible, service via email and website posting must not be "prohibited by international agreement."  Fed. R. Civ. Pro. 4(f)(3).  China is a signatory to the Hague Convention.  *See Smart Study Co. v. Acuteye-Us*, No. 21 Civ. 5860, 2022 WL 2872297, at *4 (S.D.N.Y. July 21, 2022).  In *Water Splash, Inc. v. Menon*, the Supreme Court held that the only permissible methods of service under the Hague Convention were those specified in it and that the Convention allows service of judicial documents via postal channels unless a country lodges an objection.  581 U.S. 271, 283 (2017).  China has objected to service by postal channels.  *Smart Study Co.*, 2022 WL 2872297, at *9.  *Smart Study Co*. analyzed in detail whether such objection encompasses an objection to service by email prohibited and concluded that it does.  *Id.* at *9-11.  In its motion papers, Plaintiff notes *Smart Study Co.* is contrary to other district court decisions, including ones from this Circuit.  However, as *Smart Study Co.* notes, many of those decisions (cited by Plaintiff) pre-date *Water Splash, Inc. Id.* at *10.  In any event, *Smart Study Co.*'s reasoning is persuasive, in particular its citation to Article 11 of the Minutes of the National Symposium on Foreign-related Commercial and Maritime Trial Work, issued by the Supreme People's Court of China.  Those minutes state:

> In the event that the country where the person to be served is located is a member state of the Hague Service Convention and objects to the service by mail under the Convention, it shall be presumed that the country does not allow electronic service, and the people's court shall not adopt electronic service.

Although these statements are not formal law, the Supreme People's Court uses these minutes to inform lower courts of its position and those courts are expected to comply with these statements. *Id.* at *9 n.8. This statement clarifies that the scope of China's objection to service via postal channels includes electronic service, such as service by email or website notice. Accordingly, Rule 4(f) does not allow service in the form Plaintiff seeks, because it is "prohibited by international agreement." It is hereby

**ORDERED** that Plaintiff's motion to seal is **GRANTED**, during the period in which the temporary restraining order is in effect. It is further

**ORDERED** that Plaintiff's request for alternative service is **DENIED**.

Dated: April 27, 2023
New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**