

Joel B. Rothman
*Partner*
*Board Certified in Intellectual Property Law*
Direct: 561.404.4335
joel.rothman@sriplaw.com

May 22, 2023

**VIA ECF ONLY:**
Hon.  Lorna G. Schofield
Courtroom 1106

Re:  ZURU INC. v. The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A"
Case No.:  1:23-cv-03146-LGS

To the Honorable Lorna G. Schofield,

Counsel for plaintiff writes to request a further continuance of the date for a hearing to convert the April 27, 2023 order granting a temporary restraining order (TRO) in this case to a preliminary injunction. In addition, plaintiff requests a conference with the court to address the issues set forth below concerning service. No defendant has yet appeared in this case.

On April 27, 2023, the same day the Court issued the TRO, the Court denied Plaintiff's motion for alternate service. (Doc. 21). The denial of plaintiff's motion for alternate service has left plaintiff in a difficult situation vis a vis service on the defendants and plaintiff's ability to move forward with a hearing on the conversion of the TRO to a preliminary injunction. Currently the hearing is scheduled for May 24, 2023 at 4:10 PM.

Plaintiff has served the TRO on the Amazon and Aliexpress marketplace, but has not received back the information from Aliexpress as of yet. Thirty-six (36) defendants are associated with the AliExpress marketplace in this case.

Therefore, a continuance of the hearing scheduled for May 24, 2023 will be necessary for that reason alone. Without the information from Aliexpress, plaintiff cannot begin the process of notifying the defendants of the TRO and any court hearing to convert the TRO to a preliminary injunction.

Service by the Hague Convention in China is a protracted, difficult and expensive process.  It is unlikely that Hague Service in China can be accomplished within a reasonable, predictable amount of time prior to a hearing to convert the TRO to a preliminary injunction. Unfortunately, it appears that this Court's TRO entered at Doc. 21 at page 11 requires traditional service because it references the denial of plaintiff's motion for alternate service and makes no other provision for service of the TRO or notice of a hearing on the preliminary injunction.

| **FLORIDA** | **NEW YORK** | **CALIFORNIA** | **GEORGIA** | **TENNESSEE** |
|---|---|---|---|---|
| 21301 Powerline Road Suite 100 Boca Raton, FL 33433 | 175 Pearl Street 3rd Floor Brooklyn, NY 11201 | 8730 Wilshire Boulevard Suite 350 Beverly Hills, CA 90211 | 3372 Peachtree Road Suite 115 Atlanta, GA 30326 | 818 18th Avenue S. 10th Floor Nashville, TN 37203 |

Main: 561-404-4350 | Fax: 561-404-4335 | www.sriplaw.com | info@sriplaw.com

The Individuals, Partnerships, and Unincorporated Associations Identified on Schedule "A"
May 22, 2023
Page 2

Because Plaintiff's motion for alternate service seeking to serve the defendants via email and by website posting was denied, Plaintiff has only been able to effectuate service on two of the 117 defendants. Plaintiff obtained waivers of service from two other defendants thus far.

In the interest of providing Defendants with notice and an opportunity to be heard in opposition to the motion for preliminary injunction, Plaintiff respectfully requests that the Court continue the hearing for two weeks and extend the TRO during that period. Fed. R. Civ. P. 65(b)(2) permits this Court to extend a TRO for up to fourteen days upon a showing of good cause. This is Plaintiff's second request for an extension.

A new hearing date of June 7, 2023 would conflict with the current deadline of May 31, 2023 for the parties to file a joint status letter and the status conference currently set for June 7, 2023. Plaintiff respectfully proposes the joint status letter and status conference dates be extended by two weeks to June 14, 2023 and June 21, 2023, respectively.

To provide Defendants with due process and permit Plaintiff to serve Defendants, Plaintiff requests the Court continue the hearing to June 7, 2023, and extend the TRO through the hearing.

In addition, in order so that Plaintiff can determine how to proceed forward with this case in light of the Court's denial of Plaintiff's motion for alternate service, a brief conference with the Court by telephone to discuss these issues is requested.

Sincerely,

**SRIPLAW**

Joel B. Rothman

Application **GRANTED IN PART**.  The order to show cause hearing scheduled for May 24, 2023, is **ADJOURNED** to **June 7, 2023, at 4:10 P.M.**  The conference shall be telephonic and will take place on the following line: 888-363-4749; access code: 558-3333.  The restraints imposed by temporary restraining order issued April 27, 2023, are **EXTENDED** and shall remain in effect through **June 9, 2023**.  The deadline for the parties to file the joint status letter and proposed case management plan is **EXTENDED** to **June 21, 2023**, and the initial pre-trial conference scheduled for June 7, 2023, is **ADJOURNED** to **June 28, 2023**, at **4:10 P.M.**  The parties shall use the same conference line and access code listed above.  Regarding service, Plaintiff is apprised that The Hague Convention does "not apply where the address of the person to be served with the document is not known." art. 1.  "Courts in this Circuit have found that an address is not known if the plaintiff exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so." *Smart Study Co. v. Acuteye-Us 13*, No. 21 Civ. 5860, 2022 WL 2872297, at *5 (S.D.N.Y. July 21, 2022) (internal quotation marks omitted).  The Declaration of Joel B. Rothman, executed April 26, 2023, and filed in connection with Plaintiff's motion for alternate service, does not contain a statement regarding Plaintiff's efforts to determine a physical address for Defendants in this case and only states that the marketplaces Defendants use do not provide a physical address.  Plaintiff may renew its request for alternate service, provided it includes evidence of its diligence in attempting to discover the physical addresses of Defendants in this case.  In light of this guidance, Plaintiff's request for a conference to discuss service is **DENIED**, without prejudice to renewal.  So Ordered.

Dated: May 22, 2023
   New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE